IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CAROL A. CASHMAN, | ) Civ. No. 07-00560 ACK-BMK |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

**BACKGROUND**

Carol A. Cashman ("Plaintiff") brought this action to overturn a final administrative decision of the Social Security Administration ("Defendant"). On April 17, 2007, Administrative Law Judge James H. Packer ("ALJ Packer") held that Plaintiff was not entitled to an exemption from government pension offsets in connection with her entitlement to wife's benefits as a divorced spouse.

On September 5, 2007, the Social Security Administration Appeals Council ("SSA Appeals Council") adopted ALJ Packer's findings. That same day, the SSA Appeals Council mailed a copy of the decision to Plaintiff with a letter explaining that she could seek judicial review of the decision by

1

filing a complaint in the United States District Court within sixty days of receiving the letter.  The letter also indicated that the SSA Appeals Council presumed that Plaintiff received the letter and decision five days after the date of the decision.  Therefore, as the parties agree, Plaintiff had until November 9, 2007 to file a complaint in federal court.  However, Plaintiff filed her complaint ("Complaint") on November 13, 2007 - four days after it was due.

On November 5, 2007, four days before the deadline to commence an action, Plaintiff alleges that the Complaint was complete and ready to be filed.  That same day, however, Plaintiff's local counsel, Denis W.S. Chang ("Chang") resigned, explaining that he could no longer act as local counsel due to other obligations.  Plaintiff claims that the Complaint could not be electronically filed due to some confusion about the District of Hawaii's electronic filing system.  Thus, it was necessary to physically file the Complaint with this Court.

On November 6, 2007, Plaintiff's primary counsel, Moschella & Winston, LLP ("Moschella"), entered into an agreement with Richard A. Priest, Jr. ("Priest") to serve as local counsel.[1]  That afternoon, Moschella sent the Complaint to Priest via Federal Express.  The Complaint arrived on November 8, 2007

---

[1] Priest's office is in Wailuku, Hawaii, on the island of Maui.

at 12:23 p.m.  Priest mailed the Complaint to the Court on November 9, 2007.  The Court received the Complaint on November 13, 2007.

On February 11, 2008, Defendant filed a Motion to Dismiss ("Motion") arguing that since the statute of limitations had lapsed, Plaintiff had failed to state a claim.  Plaintiff filed an Opposition to the Motion to Dismiss on April 2, 2008.[2]  The parties have agreed to waive oral arguments and Defendant waived his right to reply to the Opposition.

On May 1, 2008, the Court granted Plaintiff twenty days to file supplemental affidavits and memoranda of law and granted Defendant ten days to file a reply ("May 2008 Order").  On May 20, 2008, Plaintiff timely filed a Supplemental Memorandum in Opposition to the Motion to Dismiss.  Defendant did not file a reply.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") permits dismissal of a complaint that fails "to state a claim upon which relief can be granted."  Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.

---

[2] Plaintiff was required to file the Opposition by March 27, 2008 but reportedly had additional difficulties with the electronic filing system.  As a result of Plaintiff's late filing, the parties entered into a stipulation giving the Plaintiff until April 3, 2008 to respond to the Motion.

2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  Courts may also "consider certain materials - documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice - without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity are not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss.  See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss.  See Sprewell, 266 F.3d at 988; Nat'l Assoc. for the Advancement of Psychoanalysis v. California Bd. of Psychology, 228 F.3d 1043, 1049 (9th Cir. 2000); In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996). Moreover, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell, 266 F.3d at 988.

To survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007) (internal citations and quotations omitted).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964 (internal citations and quotations omitted).  Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is "plausible on its face." Id. at 1973.

"A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207-08 (9th Cir. 1995) (quoting Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980)) (emphasis added).  A court cannot dismiss a complaint unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim. Id. at 1208.

**DISCUSSION**

Section 405(g) of title 42 provides that a Social Security claimant may obtain judicial review of a "final" decision of the Secretary of Health and Human Services by "a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." The sixty-day time limitation begins five days after the notice is sent. 20 C.F.R. § 422.210(c). This time limitation is not jurisdictional. See Banta v. Sullivan, 925 F.2d 343, 925 F.2d 343, 245 (9th Cir. 1991); Vernon v. Heckler, 811 F.2d 1274, 1277 (9th Cir. 1987). As a result, the U.S. Supreme Court has held that as a statute of limitations, § 405(g) is subject to equitable tolling. See Bowen v. City of New York, 476 U.S. 467 (1986); Vernon, 811 F.2d at 1277-78.

The Court finds, and the parties agree, that the statute of limitations had run when the Complaint was filed on November 13, 2007. Therefore, the issue is whether equitable tolling applies. The courts generally agree that statutes of limitations accompanying a waiver of sovereign immunity should be narrowly construed. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 94, 94-96 (1990); Bowen, 476 U.S. at 481; Office of Hawaiian Affairs v. State, 110 Haw. 338, 359, 110 P.3d 767, 788 (2006). Moreover, equitable tolling does not extend to "a garden variety claim of excusable neglect." Irwin, 498 U.S. at 94; see also

Nasirichampang v. Almager, No. 07-1129, 2008 WL 588024, *5 (S.D. Cal. Mar. 3, 2008). However, the Court notes that the tolling of the limitations period contained in § 405(g) is "not infrequently appropriate" because it was designed by Congress to be "unusually protective" of claimants. See New York v. Sullivan, 906 F.2d 910, 917 (2d Cir. 1990) (citing Bowen, 476 U.S. 480).

Under federal law, "[w]here the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate." Forester v. Chertoff, 500 F.3d 920, 929 (9th Cir. 2007)(quoting Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2002)). When the law of the forum state regarding equitable tolling is consistent with federal law, the Court should apply state law. See Johnson v. California, 207 F.3d 650, 653 (9th Cir. 2000). Under Hawaii law, to toll a statute of limitations for a complaint filed after its expiration, a plaintiff must demonstrate "(1) that he . . . has been pursuing his right diligently, and (2) that some extraordinary circumstance stood in his way." Office of Hawaiian Affairs, 110 Haw. at 360, 110 P.3d at 789 (quoting Felter v. Norton, 412 F.Supp.2d 118, 126 (D.D.C. 2006)); see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

I.  **Diligent Pursuit of Rights**

Plaintiff alleges that she did "everything within human powers to have the complaint filed before the November 9, 2007

7

date."  See Opposition at 5.  According to Plaintiff, she hired Priest within 24 hours of Chang's resignation on November 5, 2007.  The next day, on November 6, 2007, Plaintiff discovered that she could not file the Complaint electronically.  For that reason, Moschella sent the Complaint from its office in Massachusetts to Priest's office on Maui.  The Complaint arrived on November 8, 2007 at 12:23 p.m.  Priest mailed the Complaint to this Court on November 9, 2007 and it arrived on November 13, 2007.  November 9, 2007 was a Friday.  The following Monday (November 12, 2007) was Veteran's Day and as such, the federal courts were closed.  Therefore, the Complaint arrived at the Court only one business day after it was due.  Priest incorrectly thought he satisfied the statute of limitations by postmarking the Complaint on the date it was due.[3]  See Priest Decl. at 2.  However, since Plaintiff herself did everything diligently to file timely, the Court finds that because Plaintiff attempted – albeit unsuccessfully – to file the Complaint electronically and hired new local counsel within 24 hours of Chang's resignation, that Plaintiff diligently pursued her rights.

---

[3] Federal Rule of Civil Procedure 3 states that, "a civil action is commenced by filing a complaint with the court."  A filing is defined by Federal Rule of Civil Procedure 5 (d)(2) which states in relevant part that, "a paper is filed by delivering it:  (A) to the clerk; or (B) to a judge who agrees to accept it for filing . . ."  Therefore, the statute of limitations did not stop running until the Complaint was actually delivered to the clerk on November 13, 2007.

**II. Extraordinary Circumstances**

Extraordinary circumstances are those beyond the control of the plaintiff that make it impossible to file the complaint within the statute of limitations.  See Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1004 (9th Cir. 2006) (holding that plaintiffs did not allege any extraordinary circumstances beyond their control that made filing timely "impossible").  "This is a fact-specific determination because a finding of extraordinary circumstances [necessary for equitable tolling] is reserved for extraordinary facts."  Cabello v. Fernandez-Larios, 402 F.3d 1148, 1156 (11th Cir. 2005) (internal quotation marks omitted).

Here, Plaintiff asserts the Complaint was complete and ready to be filed on November 5, 2007 - four days before the expiration of the statute of limitations.  That same day, Chang unexpectedly resigned.  The next day, on November 6, 2007, Plaintiff realized she could not file the Complaint electronically.  Within 24 hours of her discovery, Plaintiff hired Priest and Moschella immediately sent him a copy of the Complaint via Federal Express - overnight priority.  Priest mailed the Complaint to the Court one day after it arrived at his office, being the day the Complaint was due.  Priest admits that he thought the November 9, 2007 postmark satisfied the statute of limitations.  See Priest Decl. at 2.  An attorney's misunderstanding is ordinarily inexcusable.  See Irwin, 498 U.S.

9

at 94.  However, viewing the facts in a light most favorable to Plaintiff, the Court finds that Plaintiff's untimely filing was a result of circumstances outside her control and were therefore extraordinary.[4]  The Court cautions that its holding is limited to the very specific facts outlined above.

The Court notes that its decision would be the same under the federal standard governing equitable tolling; as in addition to the aforementioned findings, Defendant does not allege that he suffered any prejudice as a result of Plaintiff's late filing and therefore the interests of justice are best served by allowing Plaintiff to proceed with her case.  See Forester, 500 F.3d at 929.

Since Plaintiff filed only one business day late and Plaintiff herself diligently did everything to file timely, notwithstanding her attorney's failure to file timely, and considering congressional intent to protect social security claimants, the Court concludes that Plaintiff acted diligently and the tolling of the statute of limitations by one business day is appropriate.

---

[4]  Under certain circumstances, an attorney's failure to file a complaint in a timely manner can constitute "extraordinary circumstances."  See analogous ruling in Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168-69 (9th Cir. 2002) (holding that an attorney's fault in failing to present a defense may constitute "extraordinary circumstances" for the purpose of setting aside a default judgment under Federal Rule of Civil Procedure 60(b)(6)).

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss is DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 27, 2008.



_____
Alan C. Kay
Senior United States District Judge

Cashman v. Astrue, Civ. No. 07-00560 ACK-BMK, Order Denying Defendant's Motion to Dismiss.